IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| LILIANA JIMENEZ, § § Plaintiff, § § v. § § EAGLE PASS INDEPENDENT § SCHOOL DISTRICT, § § Defendant. § | Civil Action No. DR-21-CV-0048-AM/JAC |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Eagle Pass Independent School District's ("EPISD") Motion for Summary Judgment. (ECF No. 29.) Having considered the arguments raised, the facts presented, the relevant law, and for the reasons stated herein, the Motion is **DENIED**.

### I. BACKGROUND

The Court hereby adopts and incorporates the factual background issued by the Magistrate Judge earlier in this action. (ECF No. 15 at 2–5.) Suffice it to say that in September 2019, the Plaintiff was involved in a collision with a student during which she suffered the injuries that are the subject of this action. (*Id.* at 3.) After a considerable period on leave, the Plaintiff returned to work at the request of the Defendant, who promised to observe the restrictions ordered by the Plaintiff's doctor. (*Id.*; ECF No. 29-5.) The Plaintiff contends that the Defendant failed to follow through on the restrictions it promised. (ECF No. 15 at 4; ECF No. 29 at 3, 4.) In response, the Plaintiff complained to supervisors employed by the Defendant, but it appears no action was taken (ECF No. 15 at 2–5.) This suit eventually followed. Only one of the Plaintiff's claims survived the Defendant's Motion to Dismiss and is now the subject of the instant Motion.

## II. ANALYSIS

### a. Summary Judgment Standard

Summary judgment is appropriate in cases where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material only if its resolution would affect the outcome of the action. *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. *Greinstein v. Granite Services International, Inc.*, 2023 WL 3264049, at *5 (N.D. Tex. May 4, 2023), *findings, conclusions, and recommendation adopted by* 2023 WL 3933079 (N.D. Tex. Jun. 9, 2023) (Kacsmaryk, J.).

### b. No Evidence Motion

It is apparent from the face of the Defendant's Motion that it is little more than a no evidence motion of the sort typically seen in Texas state court. (ECF No. 29.) The Motion asserts "Plaintiff cannot show" various elements of the single remaining cause of action no fewer than four times and carries on in that vein. (*Id.* at 4, 7, 9.) To be sure, federal law does contemplate a scenario where summary judgment could be appropriate where there is truly no evidence, it is the

movant's burden to bear. *Bank of America, N.A. v. Fulcrum Enterprises, LLC*, 20 F. Supp. 3d 594, 602 (S.D. Tex. May 19, 2014); *Creekwood Real Estate, LLC v. Mount Vernon Fire Ins. Co.*, 2023 WL 4938086, at *5 (N.D. Tex. Jun. 14, 2023).

While the Defendant makes the correct legal incantations to justify the Motion, substantively it is a no evidence motion, which is not recognized in federal court. *Id.* While the Defendant is correct that the Plaintiff bears the ultimate burden at trial, at the summary judgment stage, it is the movant's burden to demonstrate the absence of material factual dispute and entitlement to judgment under the law. Simply asserting the Plaintiff has no evidence to support one or more elements of her cause of action is not enough. Accordingly, the Motion is denied.

### c. Merits of the Motion

For the sake of completeness, however, the Court will address the merits of the Defendant's Motion, which does not affect the outcome. Two matters of contention remain in this matter: first, whether the Defendant engaged with the Plaintiff in a good faith effort to arrive appropriate accommodations under the law, and second, whether the Plaintiff has suffered recoverable damages.

### 1. Interactive Process

There are three factors a plaintiff must allege to state a prima facie claim of failure to accommodate under the Americans with Disabilities Act ("ADA"). First, the plaintiff must show she has a disability. *Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Second, the disability and its consequences must be known to the employer. *Id.* Third, the employer failed to make reasonable accommodations for any known disabilities and their attendant limitations. *Id.* The parties do not dispute, and the Court has previously considered,

3

the first two factors of the analysis. (ECF No. 17.) Therefore, the Court will focus exclusively on the third factor.

Upon being informed of a disability, the precedents of the Fifth Circuit require employers to engage in a flexible, interactive discussion to determine precisely what constitutes a reasonable accommodation. *E.E.O.C. v. Agro Distrib.*, 555 F.3d 462, 471 (5th Cir.2009). Behind this requirement rests the principle that employees have the right to a reasonable accommodation, not their accommodation of choice. *Id.* However, both parties must engage in a good faith give-and-take exchange of information. *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735–36 (5th Cir. 1999). An employer's unwillingness to engage in such a process constitutes a failure to accommodate and thus a violation of the ADA. *Id.* at 736. Importantly, the responsibility for crafting a reasonable accommodation rests with both parties. *Id.* Therefore, if the breakdown of the interactive process is traceable to the employee, the employer cannot fairly be said to have violated the ADA. *Id.* (citing *Beck v. University of Wisconsin Bd. Of Regents*, 75 F.3d 1130, 1135 (7th Cir.1996)).

In examining the evidence presented pursuant to the Motion, the Court finds that a genuine question of material fact exists as to whether the Defendant engaged in an interactive process with the Plaintiff to arrive at a reasonable accommodation. The Defendant contends that by allowing the Plaintiff to remain on paid leave until October 2020, as well as providing her with support from other school staff, it has satisfied the collaborative process requirement. (ECF No. 29 at 5.) The Defendant also points to other accommodations including, bizarrely, not requiring her to operate heavy machinery, as evidence of a collaborative process. (*Id.*)

In evaluating the Defendant's contentions, it is useful to compare its conduct with that of other employers in recent Fifth Circuit decisions examining similar circumstances. In *E.E.O.C. v. Methodist Hospitals of Dallas*, 62 F.4th 938 (5th Cir. 2023), the court considered the actions of a

4

hospital network as it worked to accommodate Adrianna Cook, a patient care technician injured while an employee of Methodist Hospitals. The court found Methodist Hospitals worked with Cook "for months," helped "arrange Cook's medical care and then accommodated her restrictions by placing her in a temporary, light-duty role in the pharmacy when her physicians permitted her to work," and "internally discussed how to accommodate Cook [before deciding] to offer her additional leave." *Id.* at 948.

In *Thompson v. Microsoft Corporation*, the court found the defendant employer worked with the plaintiff employee "over several months." 2 F.4th 460, 469 (5th Cir. 2021). The employer explained "accommodations it deemed unreasonable," asked the employee "to respond with alternate accommodations" and even offered to work directly with the employee's doctors. *Id.* Likewise, in *Griffin v. United Parcel Service, Inc.*, when the employee objected to the present conditions of his employment, the employer corresponded with the employee regarding his medical condition. 661 F.3d 216, 225 (5th Cir. 2011).

It is not at all clear from the record that the Defendant engaged in an interactive process with the Plaintiff. Rather, it appears that once the decision to terminate the Plaintiff's leave was made, the Defendant served the Plaintiff with one, take-it-or-leave-it offer via letter. (ECF No. 29-5.) The Court is skeptical that this single offer, with no negotiation or discussion apparent in the record, suffices under Fifth Circuit caselaw. Ultimately, a jury will make that determination.

### 2. Recoverable Damages

As a second basis for summary judgment, the Defendant contends this action must be dismissed as moot because the Plaintiff does not have any recoverable damages. (ECF No. 29 at 9, 10.) The Defendant is correct that our federal Supreme Court has recently prohibited emotional distress damages for ADA claims. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562,

1570-72 (2022). The Plaintiff's damages fall into two categories: lost wages and emotional distress. (ECF No. 1.) With emotional distress having been taken off the table, the Plaintiff would apparently be left only with lost wages. However, another court in this circuit, applying the lower court decision in *Cummings*, which the Supreme Court affirmed, held that nominal damages take the place of emotional distress damages, which is any case are only recoverable upon showing of intentional discrimination by a defendant. *Lockwood v. Our Lady of the Lake Hospital, Inc.*, 467 F.Supp.3d 435, 438 (M.D. La. 2020). Nominal damages are sufficient to sustain an action. *Id.*

In addition, were the Plaintiff in this case to be awarded nominal damages by a jury, she would be entitled to an award of attorneys' fees as the prevailing party. *Miraglia v Board of Supervisors of the Louisiana State Museum*, 901 F.3d 565, 576 (5th Cir. 2015). Therefore, setting aside the question of whether the Plaintiff has lost wage damages to recover, there are recoverable damages for the Plaintiff to recover sufficient to sustain this action at the present stage.

### III. CONCLUSION

For the reasons discussed herein, the Defendant's Motion for Summary Judgment is in all things **DENIED**. The Court will address further scheduling of this matter by separate order.

SIGNED and ENTERED on this 14th day of February 2024.

_____
ALIA MOSES
Chief United States District Judge